## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD STANLEY,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT SHANNON, et al.** | : | **NO. 07-CV-1840** |
| Respondents | : | |

### REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**                                                                          **July 25, 2007**
**U.S. MAGISTRATE JUDGE**

Petitioner Ronald Stanley, a prisoner at the State Correctional Institution in Frackville,

has filed his second pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

Stanley's first petition was dismissed without prejudice because his PCRA  appeal in the

Superior Court of Pennsylvania was pending.  Now that the Superior Court of Pennsylvania has

affirmed the PCRA court's order finding Stanley's claims untimely, I respectfully recommend

this second federal habeas petition be DISMISSED with prejudice as untimely.

---

[1] On June 18, 2007, by order of the Honorable Robert F. Kelly, this petition was re-
characterized as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 because
Stanley's argument did not indicate a constitutional violation.  On July 12, 2007, Stanley
amended his habeas petition to add a Brady v. Maryland, 373 U.S. 83 (1963), claim.  The re-
characterization as a § 2241 petition still applies because Stanley is not entitled to relief in the
district court for either of his claims.  A petition under § 2241 is subject to summary dismissal
pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  See 28 U.S.C. fol. § 2254 (under
Rule 1(b), the rules are applicable to § 2241 cases); see Griffin v. Hogsten, 2007 WL 1140658 at
*1 (M.D. Pa. Apr. 17, 2007) (Caputo, J.).  "If it plainly appears from the face of the petition and
any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge
shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 4, 28
U.S.C. fol. § 2254.  An answer is unnecessary "when the petition is frivolous, or obviously
lacking in merit. . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).  Stanley's claims are
both untimely and lacking in merit.

## FACTUAL AND PROCEDURAL HISTORY

On January 10, 2000, following a bench trial in the Court of Common Pleas of Philadelphia County, Stanley was convicted of third-degree murder, firearms violations, and possession of an instrument of crime.  On March 8, 2000, Stanley was sentenced to serve a term of 21-to-45 years imprisonment.  Stanley's judgment of sentence was affirmed by the Superior Court of Pennsylvania on January 3, 2001.  Commonwealth v. Stanley, No. 981 EDA 2000 (Pa. Super. Jan. 3, 2001).  Stanley's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on June 7, 2001.  Commonwealth v. Stanley, 782 A.2d 545 (Pa. 2001) (table).

On December 3, 2001, Stanley filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, et seq.  Appointed counsel filed an amended petition, and the PCRA court dismissed the petition on February 18, 2003.  The Superior Court affirmed the denial on March 9, 2004.  Commonwealth v. Stanley, No. 759 EDA 2003 (Pa. Super. Mar. 9, 2004).  The Supreme Court of Pennsylvania denied Stanley's petition for allowance of appeal on July 22, 2004.  Commonwealth v. Stanley, 856 A.2d 834 (Pa. 2004) (table).

On November 2, 2004, Stanley filed a second PCRA petition, alleging newly-discovered evidence in the form of an eyewitness who saw someone remove a gun from the hand of the murder victim.[2]  The PCRA court dismissed Stanley's petition as untimely on October 25, 2005.

---

[2] At trial, and in the following stages, Stanley asserted he was acting in self defense, shooting the victim because the victim reached for a gun in his waistband.  In his second PCRA petition, Stanley alleged the newly-discovered evidence met one of the exceptions to the PCRA's one-year limitations period.  See 18 Pa.C.S.A. § 9545(b)(1)(ii) (exception met where petitioner proves "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; . . .").

On July 17, 2006, Stanley filed a notice of appeal in the Superior Court of Pennsylvania.

While his appeal in the Superior Court of Pennsylvania was pending, Stanley filed a federal petition for a writ of habeas corpus on January 25, 2006, signed on January 12, 2006, challenging his judgment of sentence by alleging newly discovered evidence of an eyewitness statement by one Carey Richards. On July 31, 2006, the Honorable Clifford Scott Green dismissed Stanley's federal petition without prejudice due to the pending PCRA appeal in the Superior Court of Pennsylvania. On April 27, 2007, the Superior Court of Pennsylvania affirmed the dismissal of Stanley's second PCRA petition as untimely. On May 2, 2007, Stanley signed, and filed on May 7, 2007, his second federal petition for a writ of habeas corpus alleging newly discovered evidence in the form of a witness, Richards, who initially had refused to testify at trial but later, in 2004, was willing to testify and signed an affidavit to this effect. On July 12, 2007, Stanley filed an amendment to his federal habeas petition to include a <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), claim alleging the prosecutor had failed to disclose evidence of Richards' statement to the police.

## <u>DISCUSSION</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for filing applications for writs of habeas corpus. 28 U.S.C.A. § 2244(d)(1). It provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Stanley's judgment of sentence became final on September 5, 2001, 90 days after the imposition of sentence because Stanley did not file a petition for writ of certiorari with the United States Supreme Court.  See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (judgment final after the expiration of the time for seeking certiorari has expired whether or not review is actually sought)).  Absent tolling, Stanley was required to file his federal habeas petition on or before September 5, 2002.

The limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law.  28 U.S.C. § 2244(d)(2).  A properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing."  Lovasz v. Vaughn, 134 F.3d 146, 148

(3d Cir. 1998); <u>see also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005) (where the state court rejected petitioner's PCRA petition as untimely, the petition was not "properly filed," and the petitioner was not entitled to statutory tolling under § 2244(d)(2)).  Stanley's first PCRA petition was properly filed on December 3, 2001.  As a result, Stanley's federal limitations period was tolled from December 3, 2001 until July 22, 2004, when the Supreme Court of Pennsylvania denied allowance of appeal.  Stanley's second PCRA petition was deemed untimely.  The Superior Court of Pennsylvania also determined it did not meet any statutory exception to the PCRA timeliness provision, thus the limitations period was not tolled by the second PCRA petition.  <u>See</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003) (emphasizing the required deference to the state determination while recognizing the undue interference inherent in a federal district court finding a PCRA petition was properly filed when the state determined it was untimely).

Prior to Stanley's first PCRA filing, 89 days of his federal limitations period had passed. The federal limitations period began to run again on July 22, 2004, following the Supreme Court of Pennsylvania's denial of allowance of appeal.[3]  On April 27, 2007, when the Pennsylvania courts determined Stanley's PCRA petition did not meet an exception, the decision caused Stanley's federal limitations period to have ended on April 24, 2005, making not only his current

---

[3] If on April 27, 2007, the Pennsylvania courts had determined Stanley's second PCRA petition met one of the statutory exceptions, the federal limitations period would have been tolled from November 2, 2004, the date Stanley's second PCRA petition was filed, until the conclusion of PCRA review on April 27, 2007.  In addition to the 89 days prior to Stanley's first PCRA filing, his federal limitations period would have run for 103 days from July 22, 2004 until November 2, 2004.

federal habeas petition[4] signed on May 2, 2007 but also his first habeas petition signed on January 12, 2006 untimely.  See Merritt, 326 F.3d 157 (an untimely PCRA petition does not toll the federal limitations period where the petitioner sought, but was denied, application of a statutory exception to the PCRA time bar).

Nor can Stanley satisfy any of the exceptions to the limitations period set forth in § 2244(d)(1)(B)-(D).  Stanley does not assert any claim that relies on a new rule of retroactively applicable constitutional law and does not allege any state action prevented him from filing his petition.  In addition, the factual predicates upon which his claims are based concern information he concedes he knew before and at the time of trial.[5]

Likewise, Stanley does not present any extraordinary circumstance beyond his control that would meet the judicially established criteria for disregarding the limitations period pursuant to the doctrine of equitable tolling.  Equitable tolling is appropriate

> only in the rare situation where [i]t is demanded by sound legal principles as well as the interests of justice . . . [and] only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.

Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005); see

---

[4] The earliest date Stanley's federal petition can be deemed filed is May 2, 2007, the date it was signed.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").  Thus, his federal petition is untimely unless Stanley can establish the limitations period was tolled through May 2, 2007.

[5] Stanley submits in his brief that, prior to trial, he was informed Richards had been at the scene of the crime, and Stanley suggested to trial counsel that Richards could be a possible witness.  (Pet'r Br. 28).  Richards' affidavit also states that he had given a statement to the police but was never called to testify.  (attached to Pet'r Br. As Exhibit A).

Pace, 544 U.S. at 418 ("a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way"); Adams v. Palackovich, 2007 WL 1650677 *2-3 (E.D. Pa. June

4, 2007) (Giles, J.).  "If the person seeking equitable tolling has not exercised reasonable

diligence in attempting to file after the extraordinary circumstances began, the link of causation

between the extraordinary circumstances and the failure to file is broken, and the extraordinary

circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773

(3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).  "Mere

excusable neglect is not sufficient."  Miller v. New Jersey Dept. of Corrections, 145 F.3d 616,

619 (3d Cir. 1998).  A federal habeas corpus petitioner bears the burden of proof as to all facts

demonstrating entitlement to relief from custody.  Brown v. Cuyler, 699 F.2d 155, 158 (3d Cir.

1982).

　　　　I have determined that this petition is untimely and fails to meet any exception to the

limitations period of § 2244(d)(1).[6]  Moreover, Stanley's claims are meritless.

_____

　　　　[6] In any event, Stanley's claims are without merit.  Stanley's claim of newly discovered
evidence is not cognizable under the federal habeas statute because claims of actual innocence
based on newly discovered evidence are never grounds for federal habeas relief absent an
independent constitutional violation.  See Herrera v. Collins, 506 U.S. 390, 400 (1993); also
Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004).  "[T]he existence merely of newly
discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal
habeas corpus."  Herrera, 506 U.S. at 400.  Moreover, Stanley submits he knew of Richards'
potential as a witness prior to trial.  (Pet'r Br. 28).  Stanley cites Commonwealth v. Fiore, 780
A.2d 704, 711-12 (Pa. Super. 2001), as holding that testimony from a witness who had been
unable to testify at trial but who later recovers the ability to testify is new or after-discovered
evidence sufficient to meet a timeliness exception.  In Fiore, however, the witness was
unavailable to testify at trial because he invoked his Fifth Amendment right not to testify.  Here,
it appears Richards was merely unwilling to testify.  The PCRA court was correct in determining
the evidence did not qualify as a new evidence exception to the time bar.
　　　　Stanley's Brady claim also fails because the evidence was information Stanley already

Accordingly, I make the following:

R E C O M M E N D A T I O N

AND NOW, this 25th day of July, 2007, it is respectfully recommended that the petition

for a writ of habeas corpus be DISMISSED with prejudice for being untimely.  It is also

RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


S/ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

had in his possession.  Brady, 373 U.S. at 87.  Brady does not require the prosecutor to provide a
defendant with information which he already has or with any reasonable diligence, he can obtain
himself.  United States v. Pelullo, 399 F.3d 197, 213 (3d Cir. 2005); Gov't of Virgin Islands v.
Martinez, 780 F.2d 302, 318 (3d Cir. 1985); United States v. Starusko, 729 F.2d 256, 262 (3d
Cir. 1985).  "Evidence is not considered to be suppressed if the defendant either knew or should
have known of the essential facts permitting him to take advantage of any exculpatory evidence."
United States v. Perdomo, 929 F.2d 967, 973 (3d Cir. 1991) (citing United States v. Torres, 719
F.2d 549 (2d Cir. 1983)).